**UNITED STATES of America and Alexander Dombroski, Special Agent, Internal Revenue Service**

v.

**Joseph G. BOWMAN, as President of Joseph G. Bowman, Inc., Appellant.**

No. 18566.

United States Court of Appeals, Third Circuit.

Argued Nov. 3, 1970.

Decided Dec. 17, 1970.

Edwin Fradkin, Newark, N. J. (Starr, Weinberg & Fradkin, Newark, N. J., on the brief), for respondent-appellant; Harvey R. Zeller, Newark, N. J., of counsel.

John M. Brant, Department of Justice-Tax Division, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., on the brief) for appellee; Frederick B. Lacey, U. S. Atty., of counsel.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

This is an appeal from an Order of the District Court requiring Appellant Joseph G. Bowman, as president of Joseph G. Bowman, Inc., to comply with an Internal Revenue summons by producing for inspection certain specified records of the corporation. The summons was issued [1] by Special Agent Dombrowski after he had received a tip from an informant concerning possible tax violations by the corporation.[2] Appellant and his lawyer appeared at the appointed time with the corporate records but refused to make them available for inspection by Agent Dombrowski unless the latter agreed that the information obtained therefrom would be used only to determine civil tax liability and not to instigate any criminal prosecution. Agent Dombrowski refused to accept the records with such qualifications and the records were not submitted. Nine months thereafter, the petition to enforce the summons was filed in the District Court. The District Court entered an order on December 2, 1969 directing the appellant to comply with the summons. On December 19, 1969, the District Court stayed compliance pending this appeal. Notice of appeal was filed on January 20, 1970. Jurisdiction is conferred on this court by 28 U.S.C. § 1291.

Appellant raises five points on appeal.

■ Appellant first contends that the District Court abused its discretion by denying appellant's oral motion for prehearing discovery pursuant to Rule 81 (a) (3), F.R.Civ.P. Appellant argues that such discovery was necessary in order to enable appellant to elicit proof, through questioning of Agent Dombrowski, that the sole purpose of Agent Dombrowski's investigation was to gather evidence for a criminal prosecution. Counsel for appellant, however, was allowed to question Agent Dombrowski extensively in open court on two separate occasions concerning the purpose of his investigation. This Court held in United States v. Erdner, 422 F.2d 835 (3d Cir. 1970), that it is not an abuse of discretion to deny an oral motion for discovery when the agent is present at the hearing and available for questioning. Appellant's contention is therefore without merit.[3]

■ Appellant's contention that the government's nine-month delay in beginning enforcement proceedings should operate as a bar to enforcement of the summons is similarly without merit. 5 U.S.C. § 555(b), relied on by appellant, is inapposite. Furthermore, there are no IRS regulations governing the time allowed for instituting enforcement proceedings. Finally, we find nothing to indicate that appellant's position is prejudiced by such a delay.

■ Appellant next contends that Special Agent Dombrowski was without statutory power to issue the summons. This contention is predicated on the assumption that the *sole* purpose of Dombrowski's investigation was criminal. This court, however, stated in United States v. De Grosa, 405 F.2d 926 (3d Cir. 1969), that the burden is on the taxpayer to negate the existence of a proper civil purpose. A careful review of the record leads us to conclude that appellant in the instant case has failed to sustain that burden.

■ We must also reject appellant's argument that the president of a closely-held corporation may raise the privilege against self-incrimination as to the production of corporate books and records in his custody. In Wilson v. United

1. Pursuant to 26 U.S.C. § 7602.

2. Joseph G. Bowman, Inc., is a closely-held corporation, wholly-owned by appellant and his wife.

3. In Kennedy v. Rubin, 254 F.Supp. 190 (N.D.Ill.1966), cited by appellant, the court allowed prehearing discovery. The *form* of discovery allowed in that case, however, was questioning of the agent in open court—a procedure substantially the same as what was allowed in the instant case.

States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), the Supreme Court held that the custodian of corporate records could not invoke the privilege against self-incrimination to avoid producing the corporate records, notwithstanding the contents of those records might incriminate the custodian himself. In Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913), the court extended this doctrine to corporations owned wholly by one individual. The holding in *Grant* has in recent years been applied in Hair Industry Ltd. v. United States, 340 F.2d 510 (2d Cir. 1965), cert. denied, 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724 (1965), and Wild v. Brewer, 329 F.2d 924 (9th Cir. 1964), cert. denied, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964). Appellant, nonetheless, invites this court to carve out an exception to the rule in *Wilson* where that rule would make "an artificial distinction between records of a 'corporate' nature and records of a 'personal' nature." Appellant contends that, in cases of this sort, "the proper inquiry should be whether or not the corporation represents the purely personal and private interests of the individual, and if the answer is affirmative the privilege should be permitted." Appellant, however, has cited no relevant authority for this proposition [4] and the clear weight of authority is in opposition thereto.

4. Appellant relies heavily upon United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944), in which the Court made the "inquiry" which appellant suggests here. However, *White* involved an unincorporated union. Therefore, the reasons for the *Wilson-Grant* line of cases (e. g., the "creature of the state" nature of the corporation and the visitorial power of the state vis-a-vis corporations) were not present. The same is true of United States v. Silverstein, 210 F.Supp. 401 (S.D.N.Y.1962)—also relied on by appellant—which involved a five-man partnership. Application of Daniels, 140 F. Supp. 322 (S.D.N.Y.1956), also cited by appellant, involved a Panamanian corporation and thus turned on the absence of the "visitorial right of the state" ration-

 Finally, the contention that the summons is void and unenforceable because of vagueness and indefiniteness in the enumeration of the records demanded is also without merit. Not only is the summons clear on its face,[5] but the Record affirmatively indicates that the appellant was quite aware of what materials the summons required him to produce.[6]

The Order of the District Court enforcing the summons will be affirmed.

ale. None of these cases are relevant to the instant case.

5. The summons required the production of the following items: "All books and records of original entry used in the preparation of Corporate Income Tax Returns for the fiscal years ending 5–31–66 and 5–31–67 to include the following: Cash Receipts Book  Cash Disbursement Book  General Ledger  General Journal  Check Book Stubs and Cancelled Checks  Daily Proof Sheets  Deposit Slips to all Checking Accounts  Ledger Sheets for all Checking Accounts and all other related documents."

6. At the initial meeting with Agent Dombrowski, appellant's lawyer stated "we have all the records that are listed in the summons."