UNITED STATES of America and Martin Hoffenblum, Special Agent of the Internal Revenue Service, Plaintiffs-Appellees,

v.

Irving BELL, as President of Brooks Rent A Car, Inc., and Brooks Rent A Car, Inc., Defendants-Appellants.

No. 25254.

United States Court of Appeals, Ninth Circuit.

Sept. 16, 1971.

James A. Thomas (argued), of Greenberg & Glusker, Los Angeles, Cal., for plaintiffs-appellants.

Stephen G. Fuerth (argued), Tax Div., Lee A. Jackson, Joseph M. Howard, John P. Burke, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Bart M. Schouweiler, U. S. Atty., John L. Thorndal, Asst. U. S. Atty., Las Vegas, Nev., for defendants-appellees.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

This is an appeal from a District Court order directing appellant Bell to comply with an Internal Revenue summons issued under 26 U.S.C. § 7602 (1964), requiring him to produce certain records of appellant Brooks Rent A Car, Inc., a corporation wholly owned by Bell.

■ The principal issue presented on this appeal is whether the sole owner of a corporation can assert his personal privilege against self-incrimination as a valid ground for refusing to produce corporate records.[1] We have already answered this question in the negative. Wild v. Brewer, 329 F.2d 924 (9th Cir.) cert. denied, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964). *See* Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913); Fineberg v. United States, 393 F.2d 417, 420 (9th Cir. 1968). We find no reason to re-examine our decision in Wild v. Brewer, *supra*, on the basis of subsequent decisions in other cases cited by appellants.

■ Appellants claim that enforcement of the summons would offend the Fourth Amendment because it was issued for the purpose of collecting evidence for use in a criminal tax fraud prosecution. They argue that the District Court erred in restricting discovery and cross-examination attempting to elicit proof of the Government's purpose. But no criminal case is actually pending against Bell, and the record makes it clear that one objective of the present investigation is to determine whether appellants are civilly liable for a tax or a tax plus penalty. Where the Government is attempting to collect revenue un-

---

[1]. It is well-settled that a corporation itself is not protected by the privilege against self-incrimination. *See* Essgee of China v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917 (1923); Wilson v. United States, 221 U.S. 361, 382, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

der the tax laws, and no criminal case is actually pending against the taxpayer, a summons to examine the taxpayer's records obtained pursuant to 26 U.S.C. § 7602, may be used even where its purpose is allegedly to uncover crime. *See* United States v. Ruggeiro, 425 F.2d 1069 (9th Cir. 1970); United States v. Ahmanson, 415 F.2d 785, 787 (9th Cir. 1969); Wild v. United States, 362 F.2d 206, 208–209 (9th Cir. 1966); Boren v. Tucker, 239 F.2d 767, 772–773 (9th Cir. 1956). In the circumstances of this case the Government's alleged purpose to uncover evidence of criminal activity is irrelevant, and there was no error in the District Court's rulings restricting appellants' attempts to establish such a purpose through discovery and cross-examination.

■■ Appellants also argue that restrictions on their discovery prevented them from proving that the summons constituted a second examination of their records contrary to the provisions of 26 U.S.C. § 7605(b), which without special authorization restricts the Internal Revenue Service to "only one inspection." We disagree. A trial court has broad discretion to limit discovery under Rule 81(a) (3) of the Federal Rules of Civil Procedure. There was no abuse of discretion here, where the revenue agents were available for cross-examination at trial as to what records they already had in their possession. *See* United States v. Bowman, 435 F.2d 467, 469 (3d Cir. 1970). The agents' testimony that they had seen only a 1966 check register established that a second examination of the corporation's books was not being attempted, since the Government had never completed "one meaningful examination." *See* United States v. Giordano, 419 F.2d 564, 567 (8th Cir. 1969), cert. denied, 397 U.S. 1037, 90 S. Ct. 1355, 25 L.Ed.2d 648 (1970); National Plate & Window Glass Co. v. United States, 254 F.2d 92, 93 (2d Cir. 1958.

■ We find no merit in appellants' contentions that for various other reasons issuance of the summons constituted an abuse of process. The record establishes ample justification for the issuance of the summons: for some time the Internal Revenue Service has been unsuccessfully attempting to inspect the records of the corporation for the purpose of making a normal investigation of the company's returns and of reconciling apparent discrepancies between the returns and the company's bank deposits.

■ Appellant Bell's self-incrimination challenge to the District Court's requirement that he personally appear before a Special Agent of the Internal Revenue Service for the purpose of giving oral testimony is premature at this time. *See* Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 106–109, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961); Chapman v. Goodman, 219 F.2d 802, 806–807 (9th Cir. 1955); United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969). Appellant must present himself for questioning, and as to each question elect to raise or not to raise the defense. The District Court may then determine by considering each question whether, in each instance, the claim of self-incrimination is well-founded. *See* United States v. Roundtree, *supra*, and authorities cited therein.

■■ Appellants' remaining assignments of error are without merit. The factual and legal issues contested in this case were adequately presented to the trial court in pre-trial memoranda and oral argument, and appellants have failed to show that they were prejudiced by the court's denial of a continuance or its refusal to receive their written brief at the conclusion of the trial. Since appellants were accorded all of the procedural rights they were entitled to under the Federal Rules of Civil Procedure, there was no error in the employment of

a show cause procedure by the District Court to expedite this summons enforcement proceeding. *See* Wild v. United States, 362 F.2d 206, 209 (9th Cir. 1966); McGarry's, Inc. v. Rose, 344 F. 2d 416, 418 (1st Cir. 1965).

Affirmed.