UNITED STATES of America and Jerry Shea, Special Agent, Internal Revenue Service, Petitioners,

v.

William Neil RICHARDSON, as President of Richcon Enterprises, Inc., d/b/a A–American Rental Center, Respondent.

Civ. A. No. C–3551.

United States District Court,
D. Colorado.

Dec. 17, 1971.

Gordon L. Allott, Jr., Asst. U. S. Atty., Denver, Colo., for petitioners.

Gene F. Reardon, Denver, Colo., for respondent.

FINESILVER, District Judge.

## MEMORANDUM OPINION AND ORDER

This matter came on for hearing on December 13, 1971 before this Court pursuant to the order to show cause issued by this Court on November 22, 1971 directing the respondent to appear and show cause why he should not comply with the Internal Revenue Service summons served upon him on September 14, 1971 by the petitioner, Special Agent Shea.

The Court has read and considered all of the pleadings, exhibits and memoranda filed by both sides. The Court has heard and considered the tes-

timony of the witnesses and the arguments advanced by counsel for both parties. The Court finds that the summons was issued to ascertain the correctness of the tax returns filed by Richcon Enterprises, Inc., and William Neil Richardson for the years 1966 through and including 1970. 26 U.S.C. § 7602. The Court finds that the records requested are relevant to the purpose mentioned above and that the information is not already within the possession of the Internal Revenue Service. Accordingly, the petitioners have established the proper foundation for enforcement of the instant summons. United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The fact that Special Agent Shea issued the summons or is involved in this investigation is no bar to enforcement of this summons. Donaldson v. United States, 400 U.S. 517, 534–535, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

■ Respondent submits that Richcon Enterprises, Inc., a corporation, has been a Subchapter S Corporation since 1964 and contends that a corporate entity as such does not have income tax liability, 26 U.S.C.A. Sections 1371, 1372; further, that its income is taxed to its stockholders, 26 U.S.C.A. Section 1373 and that Subchapter S Corporations are required to file an annual information return, Form 1120–S.

Respondent further submits that he and his wife owned substantially all of the corporation stock and, therefore, substantially all of the corporation's income on the Subchapter S information returns was reportable on William Neil Richardson's individual federal income tax returns.

Respondent further contends that producing the corporate books and records would tend to incriminate him as a corporate officer.

These contentions urged by the respondent do not negate the persuasive authority that no privilege against self-incrimination by a corporate officer or stockholder exists with respect to the corporate books and records.

■ An officer of a corporation cannot assert his rights under the Fifth Amendment to prevent an examination of corporate books or records.

Imperial Meat Company v. United States, 10th Cir., 1963, 316 F.2d 435, cert. den. 375 U.S. 820, 84 S.Ct. 57, 11 L.Ed.2d 54; United States v. Goldberg, 3 Cir., 1964, 330 F.2d 30, cert. den. 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497; Campbell Painting Corp. v. Reid, 392 U.S. 286, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1968).

■ Corporate books are subject to production even (1) if the books would incriminate personally the officer upon whom process is served and (2) incriminating portions of the records were made by the corporate officer.

Wilson v. United States (1911) 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Essgee Co. of China v. United States (1923) 262 U.S. 151, 158, 67 L.Ed. 917, 43 S.Ct. 514; Rogers v. United States (1951) 340 U.S. 367, 371, 71 S. Ct. 438, 95 L.Ed. 344, reh. den. 341 U.S. 912, 71 S.Ct. 619, 95 L.Ed. 1348; Imperial Meat Co. v. United States, supra.; Grant v. United States (1913) 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423; Hale v. Henkel (1906) 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652.

■■ Corporate records which tend to incriminate a corporate officer can be subpoenaed even where the corporation is a mere alter ego of its owner; further any claim to personal privilege is relinquished as to corporate records by the choice of the corporate form for the individual's business.

Hair Industry Ltd. v. United States, 2nd Cir., 1965, 340 F.2d 510, cert. den. 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed. 2d 724.

In summary, the Fifth Amendment privilege against self-incrimination of Mr. Richardson is purely personal to the individual natural person and cannot be invoked by a corporate officer on behalf

of corporate records. Therefore, the relief sought by the petition should be granted and Mr. Richardson should comply with the terms of the summons in full. The challenges advanced by the respondent are, for the foregoing reasons, considered without merit.

The respondent has indicated an inclination to take an appeal from this order. The parties have agreed before this Court that the execution of this Order will be stayed if the respondent files a notice of appeal within ten (10) days from the date of this Order. In addition, if an appeal is taken, the respondent has agreed to docket the record within twenty (20) days from the date of the filing of notice of appeal with the United States Court of Appeals for the Tenth Circuit. Further, during the pendency of any appeal, the respondent is ordered to preserve and protect the summoned records intact.