UNITED STATES of America and Roy
R. Koch, Special Agent, Internal Revenue Service, Petitioners-Appellees,

v.

Joseph F. SCHOENDORF, Sr., and Joseph
F. Schoendorf, Jr., Respondents,
and
Thomas J. Schoendorf, Intervenor-
Appellant.

No. 18257.

United States Court of Appeals,
Seventh Circuit.

Dec. 28, 1971.

Robert E. Meldman, Milwaukee, Wis.,
for appellant.

Johnnie M. Walters, Asst. Atty. Gen.,
John P. Burke, Atty., Dept. of Justice,
Washington, D. C., David J. Cannon, U.
S. Atty., Milwaukee, Wis., for appellees.

Before SWYGERT, Chief Judge,
HASTINGS, Senior Circuit Judge, and
KILEY, Circuit Judge.

PER CURIAM.

This is an appeal from an order of the
district court[1] granting enforcement of
two Internal Revenue Service summonses issued to respondents herein on January 12, 1970, pursuant to Title 26 U.S.
C.A. § 7602, Internal Revenue Code of
1954.[2]

The underlying facts, as found by the
trial court, disclose that Joseph F.
Schoendorf, Sr., and his two sons, Joseph F. Schoendorf, Jr. and Thomas J.
Schoendorf, individually and independently practiced law out of the same office in Milwaukee, Wisconsin. In the
course of a Collection Division delinquency investigation, IRS Officer Mallow determined that Thomas J. Schoendorf (intervening taxpayer) had failed
to file federal income tax returns for the
years 1965, 1966 and 1967. Mallow referred the matter to the Intelligence Division and thereafter was not concerned
with the case. IRS Special Agent Ray

---

1. United States District Court for the
Eastern District of Wisconsin, Honorable
John W. Reynolds, Judge, presiding. The
well considered memorandum opinion and
orders of the court are reported as United
States v. Schoendorf, D.C., E.D.Wisc.,
307 F.Supp. 1034 (1970).

2. This section reads: "For the purpose of
ascertaining the correctness of any return,

making a return where none has been
made, determining the liability of any
person for any internal revenue tax or
the liability at law or in equity of any
transferee or fiduciary of any person in·
respect of any internal revenue tax, or
collecting any such liability, the Secretary
or his delegate is authorized—"

R. Koch was assigned in August 1968 to conduct an investigation of the failure of taxpayer to file such tax returns and for any tax liabilities which might be due.

On October 10, 1968, the two subject summonses were issued by Koch, directing Joseph F. Schoendorf, Sr. and Joseph F. Schoendorf, Jr. to appear before him and produce records relating to the tax liabilities of taxpayer. The matter was stayed by court order until compliance was ordered by a court of competent jurisdiction. Thereafter, United States of America and Koch petitioned the district court to enforce the two summonses, pursuant to §§ 7402(b) and 7604(a).[3]

Taxpayer Thomas J. Schoendorf was granted leave to intervene and answer as a respondent. He appeared and answered the petition, pleading several affirmative defenses. His father and brother filed no answer or response to the petition. An evidentiary hearing was held in open court on March 26, 1969 and briefs were subsequently filed. Thereafter, the district court filed its written memorandum opinion and subsequent orders directing respondents Schoendorf, Senior and Junior, to appear before Koch and testify and produce the records demanded of them by the IRS summonses in issue. The orders were then stayed pending this appeal. Taxpayer Thomas J. Schoendorf alone has appealed.

The two summonses in question were identical in their requirements to produce:

"Cancelled checks paid to or on behalf of Attorney Thomas J. Schoendorf for services rendered by him for you during the period January 1, 1965 through December 31, 1967, together with supporting documents such as check stubs, ledger account, etc. Also cancelled checks and related docu-

ments pertaining to gifts or loans made to Thomas J. Schoendorf during this period."

At the hearing respondent Schoendorf, Sr. did not testify because of ill health. Respondent Schoendorf, Jr. testified, *inter alia,* that he and his father were asserting no affirmative defense in opposition to the summonses. The district court's findings and conclusions were adverse to taxpayer on each of his several affirmative defenses. All of such rulings were raised as issues on this appeal.

On oral argument of this appeal, appellant conceded that the intervening opinion and decision by the Supreme Court in Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), settled all but one issue raised by appellant in this appeal. Thus, the sole issue remaining for present consideration is whether the district court erred in concluding as a matter of law that under the facts of this case the privilege against self-incrimination under fourth and fifth amendments did not bar the production of the requested documents for use in the investigation of taxpayer's federal income tax liabilities and which, in addition, might later lead to a recommendation of criminal prosecution, no such charge having yet been filed.

In addition to certain findings by the trial court hereinbefore set out, the trial court further found, *inter alia,* that taxpayer practiced law individually and independently with his father and brother out of the same office; that their relationship admittedly was not a partnership and has not been represented to be a partnership in any income tax return or for any purpose; that the summonses sought canceled checks and other records from a bank checking account in the name of Schoendorf, Sr. and which account was used to receive fees earned by attorneys in the office [4] and to disburse

---

3. *See* Donaldson v. United States, 400 U.S. 517, 524–525, 91 S.Ct. 534, 27 L.Ed. 2d 580 (1971).

4. The attorneys practicing in the Schoendorf office included the three Schoendorf respondents, one attorney paid a salary, and several other attorneys.

money for court fees and to clients. The trial court further found that there was no joint ownership of the account.

It is the position of taxpayer that the records of the bank account constitute the records of the Schoendorf "association" engaged in the practice of law and that such records are the private records of the "association" members, thereby coming under the protection of the privilege against self-incrimination.

Recognizing that the privilege extends to certain standard partnership situations, the trial court here concluded that the attorneys, having chosen not to practice law as a partnership and having admitted that their "association" is not a partnership, could not now change this arrangement merely because a tax investigation was underway. *See* United States v. Crespo, D.C.D.Md., 281 F.Supp. 928, 936–937 (1968).[5]

The trial court further concluded that since there was no joint ownership of the account and that the records demanded were not in taxpayer's possession, the privilege against self-incrimination of the taxpayer does not extend to the records of the "association" in question. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). *See* United States v. Bell, 9 Cir., 448 F.2d 40, 41 (1971); and In Re Mal Brothers Contracting Co., 3 Cir., 444 F.2d 615, 618 (1971).

In another recent case, United States v. Anzelmo, D.C.E.D.La., 319 F.Supp. 1106, 1130–1131 (1970), where one lawyer claimed to be a partner with another lawyer under an arrangement similar to the case at bar, the trial court determined in substance that "no factual basis for concluding that a law partnership in fact existed."

We conclude that the trial court did not err in ordering enforcement of the two summonses in issue, and such orders are now affirmed.

Affirmed.

5. *Crespo* has been favorably cited and followed in United States v. Troupe, D.C., W.D.Mo., 317 F.Supp. 416, 420 (1970), aff'd per curiam, 438 F.2d 117, 119 (1971); United States v. Giordano, D.C., E.D.Mo., 301 F.Supp. 884, 888 (1969), aff'd, 419 F.2d 564, 569 (1970).