**UNITED STATES of America and Lyman M. Nicoll, Internal Revenue Agent, Petitioners-Appellants,**

v.

**W. Vaughn ELLSWORTH, Respondent-Appellee.**

**No. 71–1921.**

United States Court of Appeals, Ninth Circuit.

May 8, 1972.

Richard K. Burke, U. S. Atty., William C. Smitherman, Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, John M. Brant, Washington, D. C., for petitioners-appellants.

W. Vaughn Ellsworth, Mesa, Ariz., for respondent-appellee.

Before HAMLEY, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

This matter is before us on the Government's appeal from a district court order enforcing an Internal Revenue Service summons but attaching conditions thereto, and on cross-appeal by the custodian of the records.

W. Vaughn Ellsworth is allegedly the custodian of certain corporate records of Sonel Research and Development, Inc., an Arizona corporation. In 1970, the Internal Revenue Service sought to subpoena those records for the purpose of determining the correctness of the corporation's 1968 income tax return. Acting under 26 U.S.C. § 7602(2), a summons was issued by the Secretary of the Treasury directing Ellsworth to appear on a certain date, bring with him specified corporate documents, and "give testimony relating to the tax liability" of the corporation.

Ellsworth did not appear and the Internal Revenue Service filed a petition in the district court to judicially enforce the summons under 26 U.S.C. § 7604. A show cause order was issued, a hearing held, and an order issued, the relevant parts of which are quoted in the

margin.[1] The Government appeals from that portion of the order restricting its inquiry concerning matters other than the whereabouts of the records. Ellsworth cross-appeals from that portion of the order compelling him to produce the records and submit to questioning.

 Ellsworth's cross-appeal is without merit. A corporation has no Fifth Amendment privilege against self-incrimination and the custodian of corporate records may be compelled to produce the books of the corporation even though they may ultimately be used to incriminate him. Curcio v. United States, 354 U.S. 118, 122, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957); Wilson v. United States, 221 U.S. 361, 382, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); United States v. Bell, 448 F.2d 40, 41 (9th Cir. 1971). Likewise, the Fourth Amendment has no application to Ellsworth's situation (United States v. Bell, *supra*), and his remaining arguments are either premature or frivolous.

 We find merit in the Government's contention, on its appeal, that the district court's order does, in effect, improperly impose a blanket assertion of the self-incrimination privilege before any questions are asked. Under the statute the person summoned "must present himself for questioning, and as to each question elect to raise or not to raise the defense." The district court may then determine by considering each question whether, in each instance, the claim of self-incrimination is well founded. United States v. Bell, *supra*, 448 F.2d at 42. In addition, the order seems to mistakenly imply that Ellsworth has no privilege as to questions concerning the whereabouts of the corporate records. See Curcio v. United States, 354 U.S. 118, 122–128, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957).

The order is reversed on the Government's appeal and affirmed on Ellsworth's cross-appeal. The cause is remanded to the district court for entry of a new order compelling Ellsworth to appear before the revenue agent, produce the specified corporate documents in his control, and submit to relevant questions concerning the corporation's income tax liability for 1968. At the time of questioning by the revenue agent Ellsworth may impose whatever objections he may have to the specific questions asked. If an objection is imposed which the Government thinks is not well taken, judicial review will be had when and if the Government seeks to compel him to answer.

---

1. "IT IS HEREBY ORDERED that the respondent, W. Vaughn Ellsworth, as President of Sonel Research and Develment, Inc. obey the summons attached to the Petition to Enforce Internal Revenue Summons as Exhibit A in each and every requirement thereof by appearing personally and producing the documents therein described and that he appear with these documents in person before Revenue Agent Lyman M. Nicoll, or any other proper official of the Internal Revenue Service at such time and place as may be designated by the proper officer of the Internal Revenue Service.

"IT IS FURTHER ORDERED that with respect to any personal testimony on the part of the respondent, any questions directed to said W. Vaughn Ellsworth be directed to him only in his capacity as President of the Sonel Research and Development Company, [sic] Inc., and that such questions be limited to asking him whether or not he has produced all of the records called for in the subpoena and, if not, why not, where any such records may be and how they may be obtained.

"IT IS FURTHER ORDERED that if the Internal Revenue Service wishes to ask the respondent, W. Vaughn Ellsworth, any further questions that they shall either submit the specific questions to this Court together with a brief in support of their right to ask such questions, or they may summarize the areas concerning which they wish to ask, again with a brief supporting their right to ask such questions of the respondent. Furthermore, as to any such additional questions submitted to the Court, the United States shall indicate as to each question the purpose of each question."