UNITED STATES of America, and Jerry Shea, Special Agent, Internal Revenue Service, Petitioners-Appellees,

v.

William Neil RICHARDSON, as President of Richcon Enterprises, Inc., d/b/a A-American Rental Center, Respondent-Appellant.

No. 72-1034.

United States Court of Appeals, Tenth Circuit.

Nov. 28, 1972.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Mary J. McGinn, Attys., Tax Div., Dept. of Justice, Washington, D. C. (James L. Treece, U. S. Atty., on brief), for petitioners-appellees.

Gene F. Reardon, Denver, Colo., for respondent-appellant.

Before LEWIS, Chief Judge, McWIL-LIAMS, Circuit Judge, and THEIS, District Judge.

THEIS, District Judge.

William Neil Richardson appeals from an order of the United States District Court for the District of Colorado, Sherman G. Finesilver, District Judge, enforcing an Internal Revenue summons.[1] The summons directs Richardson to appear before Special Agent Shea to give testimony and to produce the records of Richcon Enterprises, Inc. Following a hearing on the petition to enforce the summons, the District Court, 337 F.Supp. 1053, ordered Richardson to comply. We find no error and affirm the order of the District Court.

The sole issue presented by this appeal is whether the appellant, who owns substantially all the stock of the corporation, may invoke his privilege against self-incrimination and refuse to produce the records of the corporation. In this case, the Internal Revenue Service is attempting to subpoena the records of Richcon Enterprises, Inc., in connection with an investigation of the tax liabilities of both Richcon and William Neil Richardson. Richcon Enterprises, Inc. is a corporation duly chartered under the laws of the State of Colorado; however, its stockholders have elected to be treated for tax purposes under the provisions of Subchapter S of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1371 et seq. Relying on what he conceives to be the Congressional intent in enacting Subchapter S, the appellant urges that the proper standard to be applied in determining whether he may invoke his privilege is the one generally applied in partnership cases. See, e.g., United States v. Silverstein, 314 F.2d 789 (2d Cir. 1963).

Having examined the legislative history of the statutes in question, we believe the fact that a corporation is treated for tax purposes under Subchapter S in no way alters the long standing rule that the privilege against self-incrimination cannot be invoked by a corporate officer to prevent disclosure of corporate records which might incriminate him even though the corporation is a mere alter ego of its owner. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L. Ed. 652 (1906); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951), rehearing den. 341 U.S. 912, 71 S.Ct. 619, 95 L.Ed. 1348; Imperial Meat Co. v. United States, 316 F.2d 435 (10th Cir. 1963). Contrary to appellant's interpretation, the legislative history of Subchapter S negates any inference that Congress intended to convert corporations to partnerships for all substantive purposes.

The idea of treating certain small corporations as partnerships for income tax purposes, and conversely of treating some proprietorships and partnerships as corporations, was first suggested to Congress by President Eisenhower in his Budget Message to the Eighty-Third Congress.[2] Both proposals were rejected by the Ways and Means Committee,[3] but were resurrected by the Senate Finance

---

1. The pertinent sections of the Internal Revenue Code applied in this case are summarized as follows:
   (a) 26 U.S.C.A. § 7602, which authorizes the Secretary or his delegate to summon a person having custody of records to appear and produce such records and to give testimony under oath for the purpose of ascertaining the correctness of a return or determining the tax liability of any person; and

   (b) 26 U.S.C.A. § 7604(a), which grants the district court jurisdiction to compel the production of books and records upon petition by the Secretary or his delegate.

2. Tax Recommendation #16, Budget Message of January, 1953. See generally, Mertens, Law of Federal Income Taxation § 40B.01.

3. H.R. 8300, 83d Cong., 1st Sess.

Committee.[4] Both proposals were subsequently considered by the Conference Committee which accepted the measure permitting proprietorships and partnerships to elect to be taxed as corporations.[5] The companion measure which would have allowed certain corporations to be treated as partnerships was again rejected. Thus, the Internal Revenue Code of 1954, as originally enacted, made no provision for treating corporations as partnerships for income tax purposes, but did provide for treating certain non-incorporated enterprises as corporations.[6]

In 1957, the Senate Finance Committee again submitted a proposal for permitting non-corporate tax treatment for certain corporations.[7] Ultimately, the Code was amended by the Technical Amendments Act of 1958 to add Subchapter S. The legislative purpose remained the same, i.e., to permit businesses to select the organization best suited to their needs without regard to tax consequences. However, while the legislative purpose was unchanged, the statutory mechanism of Subchapter X differed significantly from the original proposal. Rather than applying the partnership provisions of the Code to a corporation, the new provisions preserved the corporate character for tax purposes and provided instead for a "pass through" of the corporate income to the stockholders.[8] This fundamental difference in approach taken by Congress in drafting Subchapter S as compared to its predecessor indicates to us the Congressional intention is that corporations which are treated under the provisions of Subchapter S retain their corporate character and do not assume any of the characteristics of a partnership.[9]

This question of whether a corporation electing to be treated under Subchapter S retains its corporate characteristics has been infrequently raised. In the case of Byrne v. Commissioner of Internal Revenue, 361 F.2d 939 (7th Cir. 1969), the taxpayer, who owned all the outstanding stock of the corporation, had twice claimed a deduction for the net operating loss of the corporation in excess of his adjusted basis in the corporation's stock. The Commissioner determined the taxpayer was not entitled to the deductions and the Tax Court affirmed. On appeal, the taxpayer contended that since the stockholders of the corporation had elected under Subchapter S, his rights were no different than those of a sole proprietor of non-incorporated business, and hence he was entitled to the deduction without regard to his adjusted basis in the corporation's stock. In responding to the taxpayer's basic premise that once the election is made the corporate status is to be disregarded for any substantive purpose, the Court of Appeals held that the statute created a specific method for channeling income from the corporation to the stockholders, which "does not involve ignoring the corporate entity." Accordingly, the Court concluded the taxpayer's deduction for net operating loss was limited by his adjusted basis in the corporation's stock. Byrne v. Commissioner of Internal Revenue, supra, at 942. In Wilhelm v. United States, 257 F.Supp. 16 (D.Wyo.1966), the United States con-

4. Sen.Rep.No.1622, 83d Cong., 2d Sess. 118, U.S.Code Cong. & Admin.News 1954, p. 4629.

5. H.Rep.No.2543, 83d Cong., 2d Sess. 72, U.S.Code Cong. & Admin.News 1954, p. 5280.

6. Int.Rev.Code of 1954, § 1361, repealed effective January 1, 1969, by Pub.L. 89-389, § 4(b)(1), April 14, 1966, 80 Stat. 116.

7. Sen.Rep.No.1983, 85th Cong., 2d Sess. 87, 216, U.S.Code Cong. & Admin.News 1958, p. 4791.

8. Sen.Rep.No.1983, 85th Cong., 2d Sess. 87, U.S.Code Cong. & Admin.News 1958, p. 4791.

9. See Wilheim v. United States, 257 F. Supp. 16 (D.Wyo., 1966).

tended that the effect of an election to be taxed under Subchapter S was to convert the corporation into a partnership, and to make the stockholders partners. After reviewing the legislative history of the statute, the District Court concluded that the Congressional intent was not to convert corporations into partnerships and held the corporate entity was not to be disregarded in determining tax liability. In view of what we perceive the Congressional intent to be, and in light of the foregoing decisions, we hold that Richcon Enterprises, Inc. has retained its corporate character, and therefore its records are not within the ambit of appellant's Fifth Amendment privilege.

■ Appellant has raised a peripheral issue relating to the propriety of using a summons in this case. Since Special Agent Shea's investigation may ultimately lead to a criminal prosecution, the appellant contends use of a summons is improper. The record of the hearing before the District Court reveals that at the time the summons was issued no criminal proceeding against appellant was pending, nor had any recommendation that a criminal prosecution be instituted been made. No showing of bad faith on the part of Agent Shea was made by the appellant. These facts place the appellant's contention squarely within the decision in Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L. Ed.2d 580 (1971). In *Donaldson* the Supreme Court held a summons under 26 U.S.C.A. § 7602 could be issued in aid of an investigation which might eventually result in a criminal prosecution if it is issued in good faith and prior to a recommendation for criminal prosecution. In light of this holding, appellant's contention clearly lacks merit, since the record of the hearing indicates no recommendation for prosecution has been made.

The order of the District Court enforcing the summons is affirmed.