UNITED STATES of America and David A. Thompson, Special Agent, Internal Revenue Service, Appellees,

v.

MID–WEST BUSINESS FORMS, INC., and Fred Borneman, President of Mid–West Business Forms, Inc., Appellants.

No. 72–1455.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1973.

Decided March 1, 1973.

Fred L. Hall, and William A. Wear, Springfield, Mo., filed appendix and brief for appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, Robert E. Lindsay, Attys., Tax Div., Dept. of Justice, Washington, D. C., Bert C. Hurn, U. S. Atty., and Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., on brief for appellees.

Before LAY and BRIGHT, Circuit Judges, and NICHOL, District Judge.[*]

PER CURIAM:

■ Fred Borneman, President and sole shareholder of Mid-West Business Forms, Inc., appeals from an order of the United States District Court for the Western District of Missouri, directing him to comply with a summons issued by the Internal Revenue Service pursuant to 26 U.S.C. § 7602. The summons required Borneman to appear, testify and produce the records of Mid-West Business Forms, Inc. Borneman refused to comply with the summons, claiming that to do so would violate his Fifth Amendment privilege against self-incrimination. Borneman claims the general rule which provides that the privilege is not available to a corporate officer to prevent disclosure of corporate records[1] does not apply since Mid-West Business Forms is organized under the Internal Revenue Code as a Subchapter S corporation. He contends that since any tax liability of the corporation must neces-sarily be addressed to him as an individual, he has the right to rely on his Fifth Amendment privilege in any tax investigation of the corporation. We disagree and affirm the order of the district court.

■ An identical claim was recently rejected by the Tenth Circuit in United States v. Richardson, 469 F.2d 349 (1972). After a thorough analysis of the legislative history surrounding the Subchapter S corporation, the Richardson court concluded that although the tax laws allowed income to be channeled from the corporation to the shareholders, it was not the intent of Congress to eliminate the corporation itself or to convert it into a partnership for tax or other purposes. See also 7 Mertens, Law of Federal Income Taxation, § 41B.22 at 36 (1967). We find the reasoning of the Richardson court persuasive and controlling here.

The defendant also contends that since the agent who issued the summons was with the Intelligence Division of the Internal Revenue Service, this necessarily establishes that the sole purpose of the investigation was to gather information upon which to base a criminal prosecution. However, the district court, after reviewing the entire record, found that the summons was not issued with the singular intent to bring a criminal prosecution. We cannot say that such a finding was clearly erroneous.[2]

The order of the district court enforcing the summons is affirmed.

[*] Sitting by designation.

1. See Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); United States v. Giordano, 419 F.2d 564 (8 Cir. 1969), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). This has been held to be true even where the corporation has only one stockholder. See United States v. Bell, 448 F.2d 40 (9 Cir. 1971); United States v. Bowman, 435 F.2d 467, 469–470 (3 Cir. 1970); Hair Industry, Ltd. v. United States, 340 F.2d 510 (2 Cir. 1965), cert. denied,

381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724.

2. Of course, the fact that the investigation might ultimately lead to a criminal prosecution does not render the summons outside the scope of Section 7602. All that is necessary is that the summons be "issued in good faith and prior to a recommendation for criminal prosecution." Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971); see also United States v. Richardson, supra.