Commonwealth of Pennsylvania *v.* N. I., Inc. (Formerly Northern Industries, Inc.), Appellant.

Argued June 8, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Melvin Schwartz,* with him *John P. Klee* and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellant.

*R. Scott Shearer,* Deputy Attorney General, with him *Eugene J. Anastasio,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, July 22, 1977:

This is an appeal by N. I., Inc. (appellant) from three orders of the Board of Finance and Revenue (Board) which denied appellant's petitions for refund with respect to its 1971 and 1972 Capital Stock Tax (CST) and its 1971 Corporate Net Income Tax (CNIT).

The facts have been stipulated and disclose appellant to be a domestic corporation which has, since 1968, elected to be treated as a Subchapter S corporation under the Internal Revenue Code (IRC), 26 U.S.C.A. §1371 et seq. Consequently, appellant itself is not subject to Federal income tax but rather has its income taxed to its individual shareholders. Appellant timely filed its 1971 and 1972 CST returns and its 1971 CNIT return and these were settled by the Commonwealth as filed. Thereafter, appellant filed petitions for refund for all of the taxes involved on the ground that it, as a Subchapter S corporation under the IRC, is

not subject to either CST or CNIT. Appellant bases this novel argument on the premise that these taxes imposed by Pennsylvania are somehow incompatible with the policy and the provisions expressed in the IRC with respect to Subchapter S corporations and that, under the Supremacy Clause, U. S. Const. art. VI, cl. 2, the Federal statute must prevail. Since we disagree with this premise, we will affirm the Board.

Appellant places primary reliance on a quotation from a U. S. Senate Committee Report as indicating the congressional intent underlying the enactment of the Subchapter S provisions:

> Your committee believes that the enactment of a provision of this type is desirable because it permits businesses to select the form of business organization desired, *without the necessity of taking into account major differences in tax consequence.* . . . Also, permitting shareholders to report their proportionate share of the corporate income, in lieu of a corporate tax, will be substantial aid to small business. (Emphasis added.)

S. Rep. No. 1983, 85th Cong., 2d Sess., *reprinted in* [1958] U. S. Code Cong. & Ad. News, 4876.

While reports of Congressional Committees have been recognized as an aid in searching for the intent of Congress if Federal legislation is doubtful in meaning, the use of such a tool in this case is without warrant as there is absolutely nothing in either the IRC or the committee report to indicate that the "tax consequence" referred to is anything other than the *Federal* tax consequence. In fact, 26 U.S.C.A. §1372(a) specifically provides:

> [A]ny small business corporation may elect, in accordance with the provisions of this section, *not to be subject to the taxes imposed by this chapter.* (Emphasis added.)

Similarly, the same committee report relied upon by appellant states:

> To permit shareholders in small business corporations, in lieu of payment of *the corporate tax,* to elect to be taxed directly on the corporation's earnings, your committee has added a new subchapter (subch. S, secs. 1371-1377) to the code. (Emphasis added.)

[1958] U. S. Code Cong. & Ad. News, 4876.

If Congress had intended the Subchapter S provisions to, in any way, restrict state corporate taxation or to exempt small corporations from *all* corporate taxes, State and Federal, it could have easily expressed such intent, although there is grave doubt of its power to do so under the Federal Constitution. For unlike the area of interstate commerce, from which appellant cites numerous cases, Congress does not have exclusive power to either tax or regulate corporations. While Congress may impose taxes on the Federal level, the states may do likewise under the powers reserved to them under the Tenth Amendment, U. S. Const. amend. X. Other cases cited by appellant likewise involve either areas preempted by Federal legislation in which its right of preemption is recognized (*e.g.,* Federal Communications Act and Bankruptcy Act) or state interference with Federal government operations. Such cases are simply not relevant here.

While appellant no doubt finds the payment of Pennsylvania taxes distasteful, it cannot enjoy the privileges of corporate existence under Pennsylvania law and simultaneously avoid responsibilities attached thereto. Nor can it, without clear legislative sanction, incorporate Federal tax concepts into Pennsylvania law. Having found no conflict between the Subchapter S provisions of the IRC and Pennsylvania law imposing the CST and CNIT, we must affirm the Board.

ORDER

Now, July 22, 1977, the orders of the Board of Finance and Revenue denying appellant's petitions for refund are hereby affirmed.