## Scott v. Hempfield Area School District

*Andrew McGhee,* for plaintiff.

*Dennis Slyman* and *Thomas Godlewski,* for defendants.

CARUSO, *J.,* August 17, 1993—Samuel Z. Scott, plaintiff, is the president and sole shareholder of the Scott Electric Company, which is a Pennsylvania Subchapter S Corporation. In January of 1990, the plaintiff filed suit against Hempfield Area School District and Hempfield Township. The complaint alleged that on his 1987 earned income tax return, the plaintiff included not only his salary received as president of Scott Electric, but also the net profits of Scott Electric allocated to him as a shareholder. It is alleged that $26,064.00, was erroneously paid as the 1% wage tax on the net profits allocated to the plaintiff. The plaintiff was unable to obtain a refund, thus he seeks judgment against the defendants in the above mentioned amount plus interest.

The defendants answered by denying that a portion of Scott Electric's net profits was erroneously paid as wage tax. They stated that the Local Tax Enabling Act, 53 P.S. §6901 et seq., gives them the power to tax earnings of a subchapter S corporation allocated to the plaintiff. The defendants also counterclaimed seeking additional wage taxes from Samuel Z. Scott based upon

Scott Electric's net profits allocated to him from 1988 to 1992.

The plaintiff filed a motion for summary judgment stating that the Local Tax Enabling Act does not empower the defendants with the right to tax the net profits of Scott Electric. The plaintiff also stated that a shareholder, in a subchapter S corporation, considers the earnings of the corporation to be his own for federal and state tax purposes only and for no other tax purpose.

The defendants contended that the plaintiff could not elect to be treated with favorable tax status only when he desires. The defendants also argued that a factual question existed as to which activity, that of the plaintiff or of Scott Electric, was bringing about the net profits. They argue that if the plaintiff's activities were bringing about the net profits, then the net profits would be plaintiff's earned income, which can be taxed. Judge Charles H. Loughran of the Court of Common Pleas of Westmoreland County, Pennsylvania, denied summary judgment. The case was set for trial.

By order of this court, a "case stated" was completed by the parties involved. The case stated contains all the relevant facts of this case and has been filed of record. The main issue before the court is whether the Local Tax Enabling Act, 53 P.S. §6901 et seq., empowers a municipality to tax that portion of the net profits of a subchapter S corporation allocated to its shareholders. The court finds that the Local Tax Enabling Act does not give such power and shall enter judgment in favor of plaintiff.

Subchapter S status was developed first by the Internal Revenue Code. P.L. 97-354 (SSRA), 2, 97th Cong. 2d Sess. (1982), 26 U.S.C. §§1361-1379. The status limits the amount of federal taxes that can be imposed upon a subchapter S corporation. The provisions specifically

allow an S corporation to avoid the federal corporate net income tax. In 1984, Pennsylvania enacted its own subchapter S corporation provisions, 72 P.S. §7307 et seq. These provisions allow a subchapter S corporation to elect not to pay the state corporate net income tax imposed under 53 P.S. §7401 et seq. at the state level.

The defendants contend that when a corporation elects to be treated as an S corporation, the corporation's profits and/or losses are to be passed on to the shareholders as ordinary income or loss. They argue that the income received by the corporation is attributed to the shareholder; and that this income is to be treated as if the shareholder obtained the income from the same source as the corporation. Thus, they argue, the income is to be treated as the income of the shareholder for *all* tax purposes. To support their position, the defendants rely on 72 P.S. §7307.9(c) of the Pennsylvania Tax Code which reads as follows:

"The character of any item included in the shareholder's pro rata share shall be determined as if such item were realized directly by the shareholder from the source from which it was realized by the corporation or incurred by the corporation."

The defendants also rely on the following parts of the Internal Revenue Code:

"(b) The character of any item included in a shareholder's pro-rata share under paragraph 1 of subsection (a) shall be determined as if such item were realized directly by the corporation or incurred in the same manner as incurred by the corporation." 26 U.S.C.S. §1366(b).

"(c) In any case where it is necessary to determine the gross income of a shareholder for the purposes of this title, gross income shall include the shareholders

pro-rata share of the gross income of the corporation." 26 U.S.C.S. §1366(c).

The defendants argue that the income received by a shareholder from the net profits of an S corporation is to be viewed as part of the shareholder's earned income.

The difficulty this court has with this argument is that the defendants rely on federal and state statutes without any reference to the Local Tax Enabling Act; the very statute upon which they rely to tax the plaintiff. The Local Tax Enabling Act makes no specific mention of subchapter S corporations. Further, the Act does not discuss the net profits allocated to the shareholders of an S corporation. This failure to mention subchapter S corporations in the 1965 Act and the treatment of their net profits can best be explained by the fact that Pennsylvania did not develop subchapter S provisions until 1984. (The Local Tax Enabling Act was established in 1965.) Since 1984, however, the Local Tax Enabling Act has not been amended to address the present situation.

Since political subdivisions of the Commonwealth have no power to tax unless the legislature authorizes such power *(Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952)), the legislature would have had to authorize the defendants to tax net profits of subchapter S corporations allocated to its shareholders. However, nowhere in 53 P.S. §6901 et seq. or in 72 P.S. §7307 et seq. does the legislature give the defendants such power. The Local Tax Enabling Act allows the defendants to impose taxes *only* on "earned income" and "net profits" as defined in the Act.

"Earned income" and "net profits" are defined by the Act as follows:

" 'Earned income.' Salaries, wages, commissions, bonuses, incentive payments, fees, tips, and other compensation received by a person or his personal representative for services rendered ... .

'Net profits.' The net income from the operation of a business, profession, or other activity, except corporations ... ." 53 P.S. §6913, I.

A corporation has been defined as follows:

" 'Corporation.' A corporation or joint stock association organized under the laws of the United States, the Commonwealth of Pennsylvania or any other state, territory, foreign county or dependency." 53 P.S. §6913, I.

This definition of corporation does not distinguish between different types of corporations. Both parties have agreed that Scott Electric is a corporation as defined by the Act. (Case stated, pp. 1, 2.) Therefore, the net profits of Scott Electric cannot be taxed under the Local Tax Enabling Act.

The defendants argue that, since the net profit of the subchapter S corporation was attributable to the plaintiff, these attributions are part of the plaintiff's earned income. The defendants cite 72 P.S. §7307.9(c) and 26 U.S.C. §1366(b) and (c), which appear earlier in the opinion, in support of this argument. However, the defendants cannot incorporate isolated provisions of federal and state statutes into the Local Tax Enabling Act. The defendants cannot simply include or exclude provisions of other statutes without legislative authority, history, or case law.

Provisions of a statute are to be interpreted with reference to the statute as a whole. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989). When the

words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. (1 Pa.C.S. 1921(b).) Furthermore, statutes in their entirety are limited in the area that they affect. *Commonwealth v. N. I., Inc.,* 31 Pa. Commw. 235, 375 A.2d 898 (1977). The initial provisions of both the federal and Pennsylvania S corporation statutes limit their affect:

"Except as provided in section 307.6, any small corporation may elect not to be subject to tax imposed under Article IV." 72 P.S. §7307.

"[A]n S corporation shall not be subject to taxes imposed by this chapter." 26 U.S.C. §1363(a).

72 P.S. §7307 allows a small corporation to choose subchapter S status to avoid the state corporate net income tax as provided in Article IV or 53 P.S. §7401 et seq. 26 U.S.C. §1363(a) allows an S corporation to avoid the taxes imposed under 26 U.S.C. §1363 et seq. (federal corporate net income tax). Nowhere in either statute does the legislature discuss taxing by local municipalities.

The limits of the Pennsylvania statute as it relates to the treatment of shareholders of a subchapter S corporation can be seen in the following provision:

"(a) A Pennsylvania S corporation as such shall not be subject to the tax imposed *under this article,* but the shareholders of the Pennsylvania S corporation shall be subject to the tax imposed *under this article, as provided in this article."* (emphasis supplied) 72 P.S. §7307.8(a).

72 P.S. §7307.9(c) used in the defendants' argument cannot be read without reference to section 7307.8(a), which limits the effect of the provisions in section 7307. Section 7307 specifically limits the statute by allowing

small corporations to adopt subchapter S status to avoid state corporate net income tax.

On the federal level, 26 U.S.C. §1366(c) states: "In any case where it is necessary to determine the gross income of a shareholder *for the purposes of this title,* ... ." (emphasis supplied) Nowhere in 26 U.S.C. §1361 et seq. or in 72 P.S. §7307 et seq. is there a reference that the provisions of those statutes are to apply to the Local Tax Enabling Act. Also, the Local Tax Enabling Act does not refer to different treatment of subchapter S corporations. Thus the defendants' argument is not supported by the statutes.

The final argument that the defendants raise to support their position, is that the portion of the net profits allocated to the plaintiff from Scott Electric is "earned" income instead of "passive" or "unearned" income. The defendants cite *Freedman v. Philadelphia Tax Review Board,* 212 Pa. Super. 442, 243 A.2d 130 (1968), in which the income of a limited partner was found to be unearned and not subject to the net profits tax of Philadelphia. The income was determined to be unearned because the limited partner was merely an investor with no power or authority to manage the funds that he invested.

This "activity" concept was established in *Tax Review Board v. Brine Corp.,* 414 Pa. 488, 200 A.2d 883 (1964). In *Brine* a corporate taxpayer, who did not participate in the management of his leased properties, was found subject to the Mercantile License Tax of the City of Philadelphia, which is imposed under the Sterling Act. In *Brine* the taxpayer actively engaged in the acquisition and leasing of the properties of the corporation's foundation and therefore was subject to the tax. The court determined that the income the taxpayer received from the leased properties was "earned" income; because

the taxpayer's activities constituted a business within the meaning of the Mercantile License Tax Ordinance.

The defendants argue that since the plaintiff works full time as president and treasurer and is the sole shareholder of Scott Electric, any net profit allocated to him should be taxed as "earned" income.

However, in both *Freedman* and *Brine* the courts were concerned with a determination of whether or not the taxpayer was engaged in a business activity. *Freedman* dealt with whether an individual who was a limited partner would be subject to Philadelphia's Net Profit Tax. And *Brine* dealt with a corporation and the Mercantile License Tax imposed under the Sterling Act. The courts looked at the activity of the taxpayer to determine if the income could be taxed by those ordinances. In the present case, "earned income" of an individual can be taxed if it represents "salaries, wages, commissions, bonuses, incentive payments, fees, tips, and other compensation received by a person ... for services rendered ... ."

In the present case, the plaintiff receives a salary from Scott Electric for services rendered as president and treasurer of the S corporation and is taxed thereon. All parties have agreed that the salary is reasonable for the services performed. (Case stated, p. 4.) Therefore, there is already attributed to the taxpayer an income earned as a result of his activity in the corporation and upon which he is taxed by the local government. The allocation of net profits to the plaintiff as a shareholder does not then represent compensation for services rendered.

During oral arguments before this court, the defendants voiced their concern that if they are unable to tax the net profits attributable to the plaintiff from Scott Electric, any other shareholder in a subchapter S cor-

poration would also be able to avoid this tax imposed under the Local Tax Enabling Act. The court understands their concerns and the serious implications of this decision. However, there is simply no mention of taxing net profits of subchapter S corporations allocated to shareholders in the Local Tax Enabling Act. To the contrary, the definition of net profits, in the Local Tax Enabling Act, specifically excepts net profits from taxation. The definition does not distinguish between types of corporations. There is also no case law on point or any showing, by legislative history or otherwise, that the legislature intended net profits of subchapter S corporations, allocated to its shareholders, to be included in the empowerment of the Local Tax Enabling Act. Without any indication from the legislature on how local municipalities are to handle these net profits of subchapter S corporations, this court is unable to read such implications into the statute. It is for the legislature to correct this situation, if it is their intention to impose such a tax.

### ORDER

And now, to wit, this 17th day of August, 1993, based upon the foregoing decision, it is hereby ordered that a verdict is entered in favor of the plaintiff, Samuel Z. Scott, and against the defendants in the following amounts:

"1. $13,037.27 against Hempfield Area School District, together with interest;

2. $13,037.27 against Hempfield Township, together with interest."

It is further ordered that a verdict is entered in the counterclaim in favor of the plaintiff/counterclaim defendant and against the defendants/counterclaim plaintiffs.