Lawrence H. Cooke, J.
In this proceeding authorized by section 690 of the Tax Law of the State of New York, petitioner seeks a review of the determination of the State Tax Commission that there was a deficiency due from him for personal income taxes for 1962, based on the holding that the taxpayer’s undistributable shareholder’s earnings of $8,279.97 from Fox Lumber Company, Inc., for 1962 was includable in his New York State adjusted gross income for said year and therefore taxable under section 612 of the Tax Law.
*478 The facts are not in dispute. Petitioner filed a New York State income tax resident return for 1962 in which his total income was listed as $18,440.31, a figure taken from his Federal return and which included the $8,279.97, his proportionate share of the undistributed income of the Fox corporation. However, petitioner deducted said $8,279.97 and paid no New York income tax thereon, said tax having been paid only on a figure arrived at after said reduction; but he did pay a Federal income tax on the subtracted amount. Fox Lumber Company, Inc., in 1958 made an election under subchapter S of chapter 1 of the Internal Revenue Code (U. S. Code, tit. 26, § 1371 et seq.), which election was in effect during 1962, whereby, as an electing small business corporation, its accumulated earnings and profits as of the close of its taxable year were to be reduced to the extent that its undistributed taxable income for such years were required to be included in the gross income of the shareholders of said corporation, each shareholder of such a corporation being required to include in his gross income the amount he would have received as a dividend if there had been distributed pro rata to its shareholders on the last day of a taxable year of the corporation an amount equal to the corporation’s undistributed taxable income for the corporation’s taxable year.
Subdivision (a) of section 612 of the Tax Law provides: “ The New York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section.” There has been no showing that any of the “ modifications specified ” in said section apply here and, clearly, by their terms none permit a modification by a subtraction of the taxpayer-shareholder’s proportionate share of the corporation’s undistributed taxable income.
But petitioner claims unconstitutionality, pointing to section 3 of article XVI of the New York State Constitution, adopted by the Constitutional Convention of 1938, which provides, in part, that: ‘1 Undistributed profits shall not be taxed. ’ ’ The argument overlooks the impact of section 22 of article III of said Constitution, as amended and approved by vote of the people on November 3, 1959 and effective on January 1, 1960, which reads in part: “Notwithstanding * * * any other provision of this constitution, the legislature, in any law imposing a tax or taxes on, in respect to or measured by income, may define the income on, in respect to or by which such tax or taxes are imposed or measured, by reference to any provision of the laws of the United States as the same may be or become effective at any time or from time to time, and may prescribe exceptions or *479 modifications to any such provision.” In this unmistakable constitutional language, the Legislature, in any law imposing a tax on or in respect to or measured by income, was empowered to define income, in respect to which taxes are imposed or measured, by reference to any provision of the laws of the United States; and this it did by the enactment of section 612 of the Tax Law. Therefore, petitioner’s New York adjusted gross income for 1962 was his Federal adjusted gross income for 1962 as defined in the laws of the United States, in other words including his proportionate share of the Fox corporation’s undistributed taxable income as required by section 1373 of the Internal Revenue Code. (Cf. People ex rel. Barcalo Mfg. Co. v. Knapp, 227 N. Y. 64, 71.)
Authority need not be cited for the accepted propositions: that a legislative enactment carries with it an exceedingly strong presumption of constitutionality, that while this presumption is rebuttable unconstitutionality must be demonstrated beyond a reasonable doubt, that every intendment is in favor of the statute’s validity, that the party alleging unconstitutionality has a heavy burden, that courts may not substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation and that only as a last resort will courts strike down legislative enactments on the ground of unconstitutionality. In construing a constitution, all its provisions relating directly or indirectly to the same subject must be read together and any amendment in conflict with prior provisions must control, as the amendment is the latest expression of the people (People ex rel. Williams Eng. & Contr. Co. v. Metz, 193 N. Y. 148, 157; City of Buffalo v. Lawley, 6 A D 2d 66, 70; 8 N. Y. Jur., Constitutional Law, § 13). That the definition of adjusted gross income may in some cases seem unfair when applied to a taxpayer who is a shareholder of an electing small business corporation, or that the corresponding Federal taxing statute, whereby the corporation is not taxed to the extent that its undistributed taxable income is required to be included in the gross income of the shareholders of the corporation, may seem fairer, are not determinative and the “ unfairness ” does not render the statute invalid (Matter of Vanderbilt, 281 N. Y. 297, 316, affd. sub nom. Whitney v. Tax Comm., 309 U. S. 530; Matter of Goetz v. Murphy, 18 A D 2d 857, 858). Furthermore, petitioner is not the corporation and is not in a position to complain in this respect (cf. People v. Beakes Dairy Co., 222 N. Y. 416, 429). It is inherent in the normal exercise of the power to tax that a State be free to select the subjects of taxation and to grant exemptions, and inequalities which result from a singling out of one particular class for taxation or exemption infringe no *480 constitutional limitation (Carmichael v. Southern Coal Co., 301 U. S. 495, 509; People ex rel. Moffett v. Bates, 276 App. Div. 38, 39, affd. 301 N. Y. 597, cert. den. 340 U. S. 865).
Section 612 of the Tax Law is not retroactive in operation for, while it became effective on April 18, 1960, it applies only with respect to taxable years ending on or after December 31, 1960 (L. 1960, ch. 563, § 5) and, certainly, it is not retroactive as to 1962.
The determination of the respondents is confirmed and the petition is dismissed on the merits.