30

In the Matter of RALPH GARLIN, Appellant, *v.* JOSEPH H. MURPHY et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, June 7, 1973.

*Monroe J. Winsten* for appellant.

*Louis J. Lefkowitz, Attorney-General (Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondents.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 30, 1966 in Albany County, which dismissed petitioner's application to annul respondents' assessment of additional income tax for the year 1962.

Petitioner was a shareholder in Fox Lumber Co. Inc., a New York corporation which had elected, for Federal income tax purposes, to be treated as a small business corporation under subchapter S of chapter 1 of the Internal Revenue Code (U. S. Code, tit. 26, § 1371 *et seq.*). By virtue of this election, Fox Lumber paid no Federal income taxes. However, its shareholders were required to report as gross income their pro rata shares of the taxable income upon which the corporation would have been taxed but for the election, regardless of whether or not such income had actually been distributed to the shareholders. Petitioner was thus required to include $8,279.97 as gross income on his 1962 Federal return, which amount was not distributed to him in 1962. His adjusted gross income, as reported on his Federal return, was $18,440.31.

Subdivision (a) of section 612 of the Tax Law defines the New York adjusted gross income of a resident individual as " his federal adjusted gross income as defined in the laws of the United States for the taxable year " modified by certain specified items not here applicable. However, there is no exemption from State taxation on the corporate level. Subdivision 9 of section 208 of the Tax Law provides that corporations which have elected to be taxed under subchapter S shall not be treated as having made such an election for New York tax purposes. The corporation having thus been taxed, petitioner chose to deduct from his adjusted gross income of $18,440.31 his $8,279.97 share of corporate income which had not been distributed to him. Respondents disallowed the deduction and assessed a deficiency

against him. It is from the confirmation of that determination at Special Term that this appeal is taken.

Petitioner's first contention is that the imposition of a tax on an item of income not actually received is prohibited by section 3 of article XVI of the New York Constitution. The last sentence of that provision declares: "Undistributed profits shall not be taxed." Petitioner's reliance upon this constitutional prohibition is misplaced. We have previously indicated that the purpose of the quoted sentence is to prohibit the enactment of provisions similar to those in the Internal Revenue Code which impose penalties on corporations for excessive accumulations of earnings (*Matter of Rochester Gas & Elec. Corp.* v. *State Tax Comm.*, 28 A D 2d 631, affd. 25 N Y 2d 857).*

Petitioner's second contention is that the imposition of a tax on undistributed income unjustly discriminates against shareholders of electing subchapter S corporations, thus denying such shareholders the equal protection of the laws as guaranteed to them by the Federal and State Constitutions. This constitutional objection is also without merit. It is not every discrimination that is unconstitutional, but only those which have no reasonable basis. It cannot be denied that shareholders, in *electing* subchapter S corporations, can reasonably be distinguished from shareholders in other corporations. That distinction lies at the very foundation of subchapter S, and is based on the recognition that shareholders in such corporations have a much more direct beneficial interest in their pro rata share of corporate earnings. The Legislature of this State is, of course, entitled to come to the same conclusion, and its decision to impose a tax on shareholders, when income which may fairly be attributed to them, is constructively rather than actually received does not constitute a discrimination devoid of a rational basis. It should be borne in mind that the determination to have such income attributed to them as individuals results from an election freely made. Petitioner's assertion that he stands in

---

* The learned trial court rejected petitioner's reliance upon section 3 of article XVI upon the ground that the prohibition contained in the last sentence thereof was superseded by section 22 of article III (*Matter of Garlin* v. *Murphy*, 51 Misc 2d 477, 478–479). Thereafter, we decided the *Rochester Gas* case, giving the last sentence of section 3 of article XVI the interpretation here indicated, which decision was affirmed on our opinion by the Court of Appeals. Therefore, while we would be reluctant to find that a constitutional prohibition against a corporate tax was superseded by a provision which merely broadened the Legislature's power to define personal income, we need not pass upon that question here.

danger of being taxed a second time when such income is actually distributed in the form of dividends is groundless, for such a distribution is not included in Federal adjusted gross income (U. S. Code, tit. 26, § 1375, subd. [d]) and, therefore, would not be included in his New York adjusted gross income.

Petitioner contends that respondents have misinterpreted the applicable provisions of the Tax Law, arguing that it was the Legislature's clear intent, in imposing a tax on subchapter S corporations at the corporate level, to exclude the subchapter S concept entirely from the operation of the New York statute. Therefore, it is urged, it could not have intended to tax undistributed income. Although, by giving effect to those principles of construction which mandate that ambiguous tax statutes are to be construed in favor of the taxpayer, it might be possible to read an exception into section 612, such an approach could only be employed in this case if we were to read that statute *in vacuo*. We cannot do that here because we cannot blindly ignore the provisions of section 632. Although that provision is not applicable here, it clearly throws considerable light upon the Legislature's purpose. Section 632 defines the adjusted gross income of nonresident individuals just as does section 612, to wit, by reference to "his federal adjusted gross income", limited, however, to items "derived from or connected with New York sources". The provision then goes on, however, to state in paragraph (4) of subdivision (b) that "for a nonresident individual who is a shareholder of [an electing subchapter S corporation] * * * (A) undistributed taxable income * * * shall not constitute income or gain derived from New York sources". No such exception appears in the modifications to adjusted gross income codified in section 612.

We have examined petitioner's other contentions and find them to be without merit.

The judgment should be affirmed, without costs.

KANE, J. (dissenting). In this case we are permitting taxation of undistributed income while recognizing that New York State does not provide for a subchapter S election for New York corporations (Tax Law, § 208, subd. 9) and, on the other hand, acknowledging that only by virtue of the Federal election would this undistributed income be taxable. The effect is that we have, without specific authority, incorporated the more favorable element of the subchapter S election for the taxing power, without allowing a deduction to the corporation as permitted on the Federal level. The result is that this undistributed income of $8,279.97 was subjected both to the Business Franchise Tax to

34

the corporation and the New York State income tax, a result only intended to occur when a distribution is made in the form of taxable income such as dividends.

The singular statutory basis for this majority result is section 612 of the Tax Law equating New York adjusted gross income with Federal adjusted gross income. Statutes dealing with taxation are to be given a practical construction and generally any doubt as to construction is resolved in favor of the taxpayer and against the taxing authority (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 313, subds. a, c). The doubt here is apparent; subdivision 9 of section 208 states there is no subchapter S election, while section 612 appears to permit its limited use in defining adjusted gross income. This doubt should be resolved in favor of the petitioner since to do otherwise is to indirectly, without clear statutory authority, recognize a State tax on undistributed income.

The judgment should be reversed.

HERLIHY, P. J., STALEY and SWEENEY, JJ., concur with GREENBLOTT, J.; KANE, J., dissents and votes to reverse in a separate opinion.

Judgment affirmed, without costs.