522 F.2d 1037
 75-2 USTC P 9701
 UNITED STATES of America and John E. Hunt, Special Agent of
the Internal Revenue Service, Petitioners-Appellees,
v.
HANSEN NIEDERHAUSER CO., INC., and George Niederhauser, as
President of Hansen Niederhauser Co., Inc.,
Respondents-Appellants.
 No. 74-1693.
 United States Court of Appeals,
Tenth Circuit.
 Argued May 22, 1975.
Decided Sept. 8, 1975.
 
 Carleton D. Powell, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Robert E. Lindsay, Attys., Tax Div., Dept. of Justice, and William J. Lockhart, U. S. Atty., of counsel, on the brief), for petitioners-appellees.
 Jefferson E. LeCates, Salt Lake City, Utah, for respondents-appellants.
 Before MURRAH, BARRETT and DOYLE, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 We here consider the validity of an Internal Revenue summons issued to the Hansen Niederhauser Company, a corporation, and to George Niederhauser as president of said company. The purpose of the summons was to obtain corporate records so as to determine the tax liability of the company. Niederhauser, the president, had consistently refused to produce the records, claiming that to do so would violate his privilege against self-incrimination under the Fifth Amendment. His further claim was that he was denied due process in connection with the court's adjudication that he was in contempt.
 
 
 2
 His basic position is that he is unable to produce the records. Why we do not know, although the Internal Revenue Service may have information as to this. We say this because the Internal Revenue Service offered to make a showing in connection with the contempt hearing, but the trial court proceeded without a hearing, so the principal issues presented are, first, whether Mr. Niederhauser is in a position to assert Fifth Amendment rights and, secondly, whether his procedural due process rights were violated.
 
 
 3
 The suit was commenced on June 13, 1973, at which time a petition was filed seeking enforcement of the summonses issued by Special Agent Hunt to the Hansen Niederhauser Company. This issuance was on December 5, 1972. The records were sought in the interest of obtaining information as to the tax liability of the corporation. A show cause order was issued by the court on September 6, 1973. At the initial hearing on September 14, 1973, the government made clear that it was corporate records which were sought. The government conceded that Niederhauser could assert his Fifth Amendment privilege if he were called upon to testify concerning the corporate records. The court concluded that the corporation had to produce the books and records on October 15, 1973. In his answer filed on that date, Niederhauser asserted that the records had disappeared and that he did not know where they were, but that even if he could have produced them he would not do so.
 
 
 4
 The next development was a hearing on September 6, 1974, followed by an order issued on September 10, 1974. This directed Niederhauser to produce the records on September 26, 1974. The order prohibited him from destroying or concealing the records. The court also ordered that Niederhauser would be held in contempt if he failed to comply. It was further ordered that the records be turned over to the Internal Revenue Service and that Niederhauser appear before the special agent to identify and authenticate the records and give testimony as to the tax liability of the company.
 
 I.
 
 5
 The law is clear that a corporation cannot assert a privilege against self-incrimination. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Nor can a corporate officer refuse to produce corporate records on the ground of self-incrimination. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). The fact that the corporation may have ceased to do business does not matter. Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913); Wheeler v. United States, 226 U.S. 478, 33 S.Ct. 158, 57 L.Ed. 309 (1913). The fact that the corporation is of the Subchapter S kind for tax purposes is no moment. See United States v. Richardson, 469 F.2d 349 (10th Cir. 1972). This factor does not alter the proposition that a corporate officer cannot forestall production of corporate records. Similar to this case is Bellis v. United States, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) dealing with partnership records. Nor does the fact that Niederhauser may himself be the object of an investigation serve to alter the condition. See Bellis v. United States, supra.
 
 
 6
 We see no basis for any claim of privilege under the Fifth Amendment to the Constitution of the United States in this situation involving as it does corporate records.
 
 II.
 
 7
 We see no merit to the second contention of Niederhauser that the summonses were not issued by a judicial officer. Congress has authorized this procedure and, as we view it, the authorization was valid and not in violation of separation of powers. The administrative agency could not carry out its investigatory functions without this authority. See United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). In Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), the Supreme Court noted that such an administrative summons must be enforced through the courts.
 
 
 8
 The fact that a criminal prosecution may be possible does not undermine the effectiveness of the summons. See Donaldson v. United States, supra. The exception noted in Donaldson is that if a criminal prosecution is pending or the investigation is solely for criminal purposes, the situation might be different. Here, however, the proceedings are apparently in good faith. See, United States v. Billingsley, 469 F.2d 1208 (10th Cir. 1972).
 
 III.
 
 9
 We have examined Curcio v. United States, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957), and we are of the opinion that under the Curcio doctrine Niederhauser can be held in contempt for refusal to produce the corporate records. The fact that they are not under his sole control does not prevent him from having to suffer the consequences for not producing them if he does not take appropriate action to produce them. See, Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). See, also, United States v. Fleischman, 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906 (1950).
 
 
 10
 We see no error in the manner of the court's enforcement of the summonses in relationship to the Fifth Amendment privilege.
 
 IV.
 
 11
 Finally, we consider whether the alternative order directed to Niederhauser to either produce the records or be held in contempt was valid.
 
 
 12
 Noteworthy is the fact that the government did not introduce evidence that the records existed or that Niederhauser was able to produce the records, nor did the court hear any evidence on his behalf. The government was prepared at the September 6, 1974 hearing to produce witnesses and documents as to the existence and control of the records, and the court refused to hear it. We are aware, of course, that the appellant has not been adjudged in contempt because the order was stayed pending appeal, but he is subject to contempt if he fails to produce the records. The question is whether an evidentiary hearing is necessary. We feel that it was and is.
 
 
 13
 In view of the government's concession that proof of inability to comply with the order is a defense under the doctrine of United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950), it follows that a hearing as to accessibility of the records is necessary. We recognize that this case has been long and drawn out and that Niederhauser has manipulated the courts to serve his own purposes, but we feel that the government must make some showing regarding the existence of the records, and once it does then Niederhauser will not be able to rest on his contention that he simply does not know where they are and cannot produce them. He must have some positive justification under McPhaul v. United States, 364 U.S. 372, 81 S.Ct. 138, 5 L.Ed.2d 136 (1960) and under United States v. Fleischman, supra.
 
 
 14
 It is not our desire that the proceedings be further delayed, and we make clear that we are simply modifying the adjudication so as to allow the government to proceed with its evidence. This will satisfy the procedural due process contention.
 
 
 15
 The cause is remanded for further proceedings consistent with the views expressed herein.